UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SOLOMON JAMES M. ANDREWS,

Plaintiff,

v.

SUI QINGBO, et al.,

Defendants.

Case No. 25-cv-09804-JSC

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

**INTRODUCTION**

Plaintiff, a California prisoner at Salinas Valley State Prison ("SVSP") proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983.  The operative complaint is the First Amended Complaint[1], and it names three SVSP medical staff members as defendants: Dr. Sui Qingbo, Dr. Darren Bright, and Nurse H. Thornton.  (ECF No. 10 at 2.)  For the reasons discussed below, the First Amended Complaint is DISMISSED for failure to state a claim capable of judicial determination.  Plaintiff is granted leave to file a Second Amended Complaint.

**BACKGROUND**

Plaintiff alleges he has a bullet "bouncing" in his "chest and back area."  (*Id.* at 2.)  On November 25, 2024, Defendant Dr. Qingbo told him x-rays showed "no bullet so she can't give [him] outside help."[2]  (*Id.* at 2-3.)  Plaintiff alleges Defendant Dr. Bright sent Plaintiff "a copy of the same paper Dr. Sui Qingbo gave me stating" the x-rays showed no evidence of a bullet.  (*Id.*)  Plaintiff filed a grievance and was told he was "not going to get outside help."  (*Id.* at 3.)

Plaintiff alleges Judith Gaveia (who is not a Defendant) "seen plaintiff pain [sic] and

---

[1] The case was previously assigned to Magistrate Judge Susan Van Keulen, who concluded the original claim did not state a cognizable claim for relief and ordered Plaintiff leave to file an amended complaint on the Court's complaint form.  (ECF No. 9.)
[2] The Court interprets "outside help" to mean medical care at a facility outside of SVSP.

ordered outside x-rays." (*Id.*)  According to Plaintiff, these x-rays showed "two fragments in Plaintiff['s] left lobe and Plaintiff was experiencing pain." (*Id.*)  Plaintiff alleges:

> Still with the finding of the broken bullet, Plaintiff has still been denied to see a specialist our [sic] surgeon.  And now its blood in stool, and Doctor have not called Plaintiff for the final x-ray to satisfy her denial.  Taken in November 2025.  And [Defendants have] denied the need to get this lead out [of] my body no matter the after effects.  And Sui Qingbo has stopped Plaintiff from seeking outside help when going man down refuse to let Plaintiff go out to medical CTC to seek a second observation.  October 8, 2025, man down Dr. Sui Qingbo said she knows about me send me back.

(*Id.*)

Plaintiff alleges the x-ray "technician told [Dr. Qingbo] the bullet was in a bad spot," but Dr. Qingbo "still say she don't see what the technician seen [sic]." (*Id.*)  Plaintiff alleges Defendant Nurse "H. Thornton stated this to[o] and told me to go back to my cell." (*Id.*)

Plaintiff seeks money damages, "to be seen by an outside specialist and surgeon," and a "permanent walker." (*Id.*)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must

United States District Court
Northern District of California

be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.  To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### LEGAL CLAIMS

Plaintiff's allegations, even when liberally construed in his favor, do not state a plausible claim for the violation of his constitutional rights.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  Similarly, a showing of nothing more than a difference of medical opinion between medical professionals as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *see also Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) ("[D]ifferences of opinion in medical treatment . . . are not enough to sustain an Eighth Amendment claim.").

Plaintiff's allegations of pain and blood in his stool support a reasonable inference he had a serious medical need, but he has not alleged facts that support a reasonable inference Defendants were deliberately indifferent to that need.  Plaintiff does not allege any doctor or other qualified medical professional disagreed with Dr. Qingbo's opinion that the x-rays do not show a bullet or

3

United States District Court
Northern District of California

bullet fragments in his torso and that Plaintiff does not need medical attention from a specialist or surgeon outside of the prison, let alone that they found this opinion medically unacceptable. Indeed, the only other person in the First Amended Complaint identified as a doctor is Defendant Dr. Bright, whom Plaintiff sues for supporting Dr. Qingbo's medical opinions. Defendant Nurse Thornton also allegedly agreed with Dr. Qingbo. The x-ray technician's alleged reading of the x-ray results does not support a reasonable inference Dr. Qingbo's reading was medically unacceptable because a technician cannot plausibly be viewed as having greater expertise than a medical doctor in making diagnostic and treatment decisions based upon x-ray results. *Compare Hamilton v. Endell*, 981 F.2d 1062, 1066-67 (9th Cir. 1992) (holding reliance by prison officials upon a second medical opinion which a reasonable person would likely determine to be inferior to one from a more qualified medical authority may amount to an Eighth Amendment violation). And, under *Franklin*, Plaintiff's own disagreement with Dr. Qingbo's medical decisions is not sufficient, without more, to support a reasonable inference that she, or the other Defendants who agreed with her, were deliberately indifferent to his serious medical needs. *See Franklin*, 662 F.2d at 1344.

Plaintiff is granted an opportunity to file a Second Amended Complaint to allege facts that state a plausible claim that Defendants were deliberately indifferent to his medical needs.

**CONCLUSION**

For the foregoing reasons,

1. The amended complaint is DISMISSED for failure to state a claim capable of judicial determination.

2. Plaintiff may file a Second Amended Complaint on or before **May 8, 2026**. The Second Amended Complaint must include the caption and civil case number used in this order (No. C 25-9804 JSC (PR)) and the words "COURT-ORDERED SECOND AMENDED COMPLAINT" on the first page. Because a Second Amended Complaint completely replaces the original and First Amended Complaints, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from his prior complaints by reference; he must include in his Second Amended Complaint all the claims he wishes to pursue. <u>If Plaintiff fails to</u>

file a Second Amended Complaint within the designated time, or if it is not sufficient, this case may be dismissed.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: April 9, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

5