United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SOLOMON JAMES M. ANDREWS,
Plaintiff,

v.

SUI QINGBO, et al.,
Defendants.

Case No. 25-cv-09804-JSC

**ORDER OF SERVICE**

**INTRODUCTION**

Plaintiff, a California prisoner at Salinas Valley State Prison ("SVSP") proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983. The operative complaint is the Second Amended Complaint ("SAC"), and it names three SVSP medical staff members as defendants: Dr. Sui Qingbo, Dr. Darren Bright, and Nurse H. Thornton. (ECF No. 10 at 2.) For the reasons discussed below, the SAC is ordered served upon Defendants.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by unrepresented litigants must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

The allegations in the SAC are not always clear, but the Court understands it, when liberally construed, to allege as follows. Since November 2024, Plaintiff has experienced pain, blood in his stool, uncontrollable bowels, and mobility impairment. (ECF No. 16 at 1-2.) He has "documents" showing that he has had a bullet fragment in his torso since 1994, and that it broke into two fragments as of 2022. (*Id.*) Defendants, two SVSP doctors and a nurse, denied his requests for treatment by a specialist at an outside hospital outside the prison, discontinued his authorization for a wheelchair, and discontinued his pain medication despite the persistence of his symptoms. (*Id.* at 1-3.) During the time period Defendants denied these treatments, Plaintiff was also seen by other doctors who determined he did in fact need a wheelchair, pain medication, and to be seen by a specialist at an outside hospital. (*Id.*)

When liberally construed, Plaintiff's allegations are sufficient to state claims capable of judicial determination that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons,

1. Defendants Dr. Sui Qingbo, Dr. Darren Bright, and Nurse H. Thorton[1] shall be served at Salinas Valley State Prison.[2]

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the complaint, this order, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the complaint for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. To expedite the resolution of this case:

---

[1] The Clerk shall add Nurse H. Thornton to the docket as a defendant and remove "Hitherton Healthcare."

[2] The caption of the SAC includes among the defendants: "RAP Team, Central Filing, Healthcare." The Court cannot discern from this what additional individuals or entities, if any, Plaintiff means to sue. If he wishes to name additional defendants, he must do so in a further amended complaint, which he must attach to a motion for further leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure.

United States District Court
Northern District of California

a. No later than **October 30, 2026**, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **December 7, 2026**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d. Defendants shall file a reply brief no later than **December 21, 2026**.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

United States District Court
Northern District of California

5. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 3, 2026

JACQUELINE SCOTT CORLEY
United States District Judge